RECEIVED
FEB 27 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| JEFFERY MORRIS (#292975) | DOCKET NO. 14-CV-2891; SEC. P |
| VERSUS | JUDGE DRELL |
| CORRECTIONS CORPORATION OF AMERICA, ET. AL. | MAGISTRATE JUDGE KIRK |

## REPORT AND RECOMMENDATION

Before the Court is the complaint of pro se Plaintiff, Jeffrey Morris, filed *in forma pauperis* and pursuant to 42 U.S.C. §1983. Plaintiff is an inmate in the custody of the Louisiana Department of Corrections, and he is housed at the Winn Correctional Center in Winnfield, Louisiana. Plaintiff complained about the medical care he received following an injury to his hand. He names as defendants Corrections Corporation of America, Nurse Brunson, L. Hobdy, Maintenance Officer Ramsey, Dr. Kuplesky, Dr. Singleton, Timothy Keith, Maintenance Sgt. Fitzhugh, L. Jones, Unknown Doctor, and J. Jennings. He was ordered to amend and supplement his complaint with additional factual information.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Factual Allegations*

Plaintiff alleges that on November 20, 2013, he was cleaning septic tanks at WNC when he slipped and fell partially into the septic tank. He sustained a two-inch cut to the palm of his right

hand when he fell. Plaintiff was escorted to the infirmary, where Nurse Brunson examined the wound. The nurse cleaned and bandaged the wound, despite Plaintiff informing her that he felt like a foreign object was inside of his hand. Two days later, Plaintiff returned to the infirmary because his "right hand was severely swollen and infected," which he concluded was from the presence of a foreign object. The prison doctor pressed on Plaintiff's hand with a wooden tongue depressor and acknowledged that Plaintiff's hand felt warm to the touch. [Doc. #1, p.6-7]

When the nurse asked if the doctor wanted to send Plaintiff to an outside physician or clinic, he responded, "Not yet; let's see what we can do for him here before we send him out." [Doc. #1, p.7] Plaintiff was administered antibiotic drops to the wound, but no probe for foreign object was conducted. [Doc. #1, p.7] Plaintiff was prescribed seven days of antibiotic pills and a zero duty status.

The following day, on November 23, 2013, Plaintiff returned to the infirmary with complaints about his hand pain. Nurse Jennings cleaned the wound with iodine, swabbed it, and gave Plaintiff extra bandages and antibiotic ointment. She instructed him to keep the wound clean and dressed. Plaintiff advised that it felt like something was inside the wound. He was provided a pass to return to wound care the next day.

On November 24, 2013, Plaintiff reported to wound care, but

was informed that he missed the wound care clinic time. [Doc. #1, p.8]

On November 25, 2013, Plaintiff was escorted to the infirmary by Nurse Marcum. She removed the soiled bandage, opened the wound, and discovered several pieces of rusted metal flakes. She removed the flakes with a tweezer-like tool, cleaned the wound, and applied more antibiotic ointment and a fresh bandage. [Doc. #1, p.8-9]

Plaintiff alleges that from November 25, 2013, his right hand began to heal, but his thumb, index finger, and middle finger suffered nerve damage for which no care or treatment has been provided. Plaintiff also complains that no blood tests were performed despite Plaintiff being exposed to hazardous waste.

Plaintiff complained that, since November 25, 2013, he has suffered from partial numbness in his hand, and he has not received any medical care since that date. Plaintiff was ordered to amend his complaint to state on which days, after November 25, 2013, he requested medical care for the issue of numbness in his hand and/or for the cut on his hand. He was also directed to state, for each date that he requested care, what the request was for, and whether the request was denied or if he received treatment. He failed to provide a single allegation responsive to the order. Also, Plaintiff was ordered to provide any documents that support his claim that he requested, but was deprived, of medical care for numbness in his thumb and fingers any time after November 25, 2013.

Again, Plaintiff failed to provide responsive facts or documents. Because Plaintiff did not provide one single date, after November 25, 2013, that he sought and was denied medical care, his medical care claim is limited to the November 20, 2013, to November 25, 2013, time-frame.

Plaintiff provided a copy of his administrative grievance, which was dated on or prior to November 25, 2013. [Doc. #1-1, p.3/12] Because, from the initial complaint, it did not appear that Plaintiff filed a grievance regarding the numbness issue, which he claims arose after November 25, 2013, or regarding any deprivation of care after that date, the Court ordered Plaintiff to amend to state whether he grieved any deprivations of care following November 25, 2013. Again, Plaintiff failed to respond to this inquiry.

*Law and Analysis*

Section 1983 proscribes conduct by any person who, under the color of state law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. §1983. In <u>Estelle v. Gamble</u>, 429 U.S. 97, 104 (1976), the Supreme Court held that a convicted prisoner may succeed on a claim for damages under 42 U.S.C. §1983 for inadequate medical care only if he demonstrates that there has been "deliberate indifference to serious medical needs" by prison officials or other state actors. "Deliberate indifference" means

that a prison official is liable "only if he knows that the inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it." Farmer v. Brennan, 511 U.S. 825, 847 (1994). The plaintiff must allege deliberate indifference by stating facts that the officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. Johnson v. Treen, 759 F.2d 1236, 1238 (5th Cir. 1985).

To the extent that plaintiff claims that he was deprived of any medical care after November 25, 2013, his claim fails because he has failed to identify - even after being ordered to do so and provided an opportunity to amend - one single date or occasion, after November 25, 2013, in which he sought and was denied medical care for any medical issue.

Plaintiff has identified several instances where he sought *and received* medical treatment from November 20-25, 2013. He has not alleged that the defendants ignored his complaints or refused to treat him. He does complain about the quality and extent of care he received. Specifically, on the date of his injury, November 20, 2013, Plaintiff was examined in the infirmary, and his wound was cleaned and dressed. On November 22, 2013, Plaintiff returned to the infirmary with complaints of pain, and he was examined by Dr. Kuplesky. The doctor prescribed antibiotic drops, which were

5

administered by Nurse Brunson, as well as seven days of oral antibiotics.  Plaintiff was provided a pass to return for wound care the following day.  On November 23, 2013, Plaintiff was treated by Nurse Jennings, who cleaned the wound and changed the dressing.  Plaintiff was also provided additional bandages and antibiotic ointment.  Plaintiff was given another pass to return for wound care the following day.  On November 24, 2013, Plaintiff apparently missed the time for dressing change, and he submitted an administrative grievance regarding that event.  Plaintiff last sought medical treatment for his hand on November 25, 2013.  When the wound was opened that date by Nurse Marcum, "metal flakes" were discovered and removed.  The wound was cleaned and dressed again.  Plaintiff sought no further treatment after November 25, 2013.

Plaintiff's claim that Nurse Brunson appeared "afraid to touch [Plaintiff]" and that she "callously cleaned the wound and dressed it" does not amount to a claim for the deprivation of medical care.  Nor does his claim that he should have received x-rays and/or blood tests.  Such claims amount to a disagreement with medical treatment, which does not state a constitutional claim.  The decision of whether to provide additional treatment is a classic example of a matter for medical judgment. See Estelle, 429 U.S. at 107.  An inmate's disagreement with the treatment provided by medical staff, or his claims of inadequate medical care, do not rise to the level of a constitutional violation. See Norton v.

Dimazana, 122 F.3d 286, 291 (5th Cir. 1997); Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  The fact that a plaintiff does not believe that his medical treatment was as good as it should have been is not a cognizable complaint under the Civil Rights Act. Prisoners are not constitutionally entitled to the best medical care that money can buy. See Mayweather v. Foti, 958 F.2d. 91 (5th Cir. 1992).

The facts alleged by Plaintiff are not indicative of an unnecessary and wanton infliction of pain or acts repugnant to the conscience of mankind.  There is no indication that the defendants intended or desired for Plaintiff to suffer harm.  He received medical care almost daily from November 20-25, 2013, including antibiotics for any infection, medical supplies, and topical ointment.  Moreover, he sought no further treatment.

Even if Dr. Kuplesky or the nurses were negligent in failing to discover the "metal flakes," this does not state a claim of deliberate indifference.  *Negligence, neglect, or medical malpractice do not* constitute deliberate indifference. See Varnado v. Lynaugh, 920 F.2d 320, 321 (5th Cir. 1991).  Even "gross negligence" does not establish deliberate indifference. Hernandez v. Tex. Dep't of Prot. and Reg. Servs., 380 F.3d 872, 882 (5th Cir. 2004).

Plaintiff's allegation that CCA is liable for "the policy and/or practices of defendants Singleton and Kuplesky in regulating

7

their duties to examine and treat plaintiff" fails because it does not identify any unconstitutional policy of CCA, nor does the allegation of a "policy and/or practice of defendants Kuplesky and Singleton's refusal to have [Plaintiff's] finger x-rayed."

Plaintiff's claim that Ramsey and Fitzhugh are liable for their failure to properly train Plaintiff to do his prison job also fails. Plaintiff did not allege that his injury was caused by a lack of training, or that the training that he received violated his constitutional rights. Nor does Plaintiff state when he received the inadequate training. Plaintiff's allegation that his constitutional rights were violated by the defendants' failure to property train him is conclusory.

*Conclusion*

For the foregoing reasons, **IT IS RECOMMENDED** that Plaintiff's complaint be **DENIED** and **DISMISSED WITH PREJUDICE** under 28 U.S.C. §1915(e)(2)(B) and 1915A.

*Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(c) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.

Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE TO WHICH THE PARTY DID NOT OBJECT.**

**THUS DONE AND SIGNED** at Alexandria, Louisiana, this 27th day of February, 2014.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE